**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TOCCARA PULLER,**

Plaintiff,

v. Civil Action No. **3:25CV543**

**LIEUT. PITTS, *et al.*,**

Defendants.

## MEMORANDUM OPINION

Toccara Puller, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter now comes before the Court to evaluate Puller's second particularized complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it is barred by the statute of limitations and therefore legally frivolous, the Court will dismiss the action.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner or by a litigant proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319,

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.[2] This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and state a claim that is "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). For a claim or complaint to survive

---

[2] *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (first citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002), and then citing *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as a *pro se* plaintiff's advocate, *sua sponte* developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of her complaint.[3]

## II. PROCEDURAL HISTORY AND ALLEGATIONS

Puller filed the initial complaint in this action on July 2, 2025.[4] By Memorandum Order entered on December 16, 2025, (ECF No. 18), the Court directed Puller to file a particularized complaint, which she filed on January 20, 2026. (ECF No. 19.) The particularized complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rested, however, and by Memorandum Order entered on January 23, 2026, the Court directed Puller to file a second particularized complaint to be captioned "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:25CV543." (ECF No. 20.)

On March 23, 2026, Puller filed a second particularized complaint that did not comply with the January 23, 2026, Memorandum Order, and this second complaint was largely illegible. (ECF No. 24.) On April 24, 2026, Puller sought leave to file a third particularized complaint. (ECF No. 27.) By Memorandum Order entered on April 29, 2026, the Court ordered Puller to resubmit

[3] *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[4] (*See* ECF No. 1, at 3.) This is the date she signed her initial complaint, and the Court considers it the filed date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

a legible second particularized complaint. (ECF No. 28.) Puller resubmitted her second particularized complaint on May 18, 2026, (ECF No. 29), and the Court denied her motion to file a third particularized complaint as moot by Memorandum Order entered July 27, 2026. (ECF No. 33.)

In its January 23, 2026, Memorandum Order, the Court instructed Puller that the second particularized complaint must comply with the following directions:

> In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current conclusory allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on December 16, 2025, the Court directed Plaintiff to file a particularized complaint and provided specific instructions for doing so. (ECF No. 18.)
>
> On January 20, 2026, Plaintiff filed her particularized complaint (ECF No. 19), but ignored the Court's instructions for filing a particularized complaint. The particularized complaint still fails to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests.
>
> Accordingly, Plaintiff is DIRECTED, within thirty (30)] days of the date of entry hereof, to particularize her complaint in conformance with the following directions and in the order set forth below:
>
>> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:25CV543."
>>
>> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right

> violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. This means that the particularized complaint will REPLACE any other complaint and the Court will not consider any old complaint. The particularized pleading must stand or fall of its own accord so Plaintiff should include all facts and all legal claims that she wishes the Court to consider. Plaintiff may not reference statements in the prior complaints.
>
> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(ECF No. 20, at 1–2 (footnotes omitted) (alterations in original)).[5]

Puller lists four defendants in her second particularized complaint: Lieutenant. Pitts, Major Wright, K. Joseph, and Lieutenant. Garcia.[6] She asserts that she delivered a son "at Virginia Hospital Center in August of 2022." (*Id.* ¶ 2a.) "On August 18," Puller alleges, Garcia "told [her] that she could not use the free phone" in the post-delivery area "and that she better not have anyone pick up her baby . . . or she would be in trouble." (*Id.* ¶ 3b.) "Garcia . . . denied [Puller] the opportunity to reach out to family to pick her baby boy . . . up from the hospital upon discharge." (*Id.*)

[5] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the second particularized complaint.

[6] (ECF No. 29, at 1.) The Court omits claims from the following summary where Puller has not identified any individual whom she alleges is liable to her or where the only identified individual is not listed as a defendant despite the Court's instructions in the January 23, 2026, Memorandum Order. Specifically, the claims in Paragraphs 2a and 6e of the second particularized complaint do not identify any liable individual, and the claim in Paragraph 4c names only an individual whom Puller did not list as a defendant. (*See* ECF No. 29 ¶¶ 2a, 4c, 6e.)

"On August 18th, 2026 [sic],"[7] Puller continues, "Pitts, Major Wright, and K. Joseph attacked and assaulted [her] after an abrupt discharge from Virginia Hospital Center due to a disagreement with [the] post-delivery nurse." (*Id.* ¶ 5d.) Puller claims that her son was choking in his bassinet. She alleges that she "tapped" the nurse "on her back and ask[ed] her to give [Puller] her baby to help [him] from choking." (*Id.*) The nurse "didn't move," so Puller "reached for her baby with leg restraints on and stopped him from choking by holding [him] on his stomach and gently rubbing and patting his back." (*Id.*) Puller's son "was okay after this," but the nurse "told Virginia Hospital Security that [Puller] assaulted her." (*Id.*)

Finally, Puller alleges that on the morning of "August 18th, 2022," Pitts and a hospital security guard picked her up while she was "screaming for help, crying, and scared and upset [by] the events and experiences," "us[ing] the leg and hand restraints that were improperly placed on [her] ankles . . . and wrists." (*Id.* ¶ 7f.) They "picked her up [using the restraints' connecting] chain from the ground to the back of the Arlington County SUV cruiser, slamming [her] at 310 lbs., causing back injuries, ankle injuries, wrist injuries, nerve damage, and severe swelling, pain, and suffering." (*Id.*) Puller was wearing only "a soiled [diaper] and a hospital gown and hospital socks, exposing [her] body in public." (*Id.*) "While in the SUV, [Puller] was not placed in a seat belt. When [she] asked [for] and demanded the phone, Major Wright stated that [she] could use the phone at the jail." (*Id.*)

---

[7] Although Puller says this incident occurred in 2026, that characterization is inconsistent with the involvement of a post-delivery nurse following Puller's son's birth "in August of 2022." (ECF No. 29, at 1.) And, Puller filed the second particularized complaint on May 18, 2026—three months *before* August 18, 2026. The Court therefore concludes that this incident occurred on August 18, 2022, the same day as the other incidents raised in the second particularized complaint, and that the August 18, 2026, date is "a scrivener's error." *Wall Guy, Inc. v. FDIC*, 95 F.4th 862, 873 n.8 (4th Cir. 2024); *see Thornton v. Brovold*, No. 3:24cv499, 2026 WL 2241800, at *2 n.6 (E.D. Va. Aug. 4, 2026).

Puller contends that through these actions, the defendants violated her constitutional rights to free speech, to due process, against cruel and unusual punishment, and to "life, liberty, [] dignity, [and] respect with equal protection." (*Id.* ¶ 8g.) As relief, Puller asks for damages, the reversal of the termination of her parental rights, custody of her son, and "a wellness check and visits" with him. (*Id.* at 8.)

## III. ANALYSIS

Puller's complaint will be dismissed as legally frivolous. As a preliminary matter, Puller fails to identify the procedural vehicle that would allow this federal court to interject itself into any child custody determinations or proceedings of a Virginia state court. Moreover, Puller's claims are untimely. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (concluding district court did not abuse its discretion by dismissing § 1983 complaint as frivolous when it was barred by the statute of limitations).

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims clearly barred by the relevant statute of limitations. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (first citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006), and then citing *Nasim*, 64 F.3d at 955). Because no explicit statute of limitations exists for 42 U.S.C. § 1983 actions, courts borrow the personal injury statute of limitations from the relevant state.[8] Virginia applies a two-year statute of limitations to personal injury claims. Va. Code Ann. § 8.01–243(A). Consequently, Puller should have filed her complaint within two years from when the underlying claims accrued.

"A claim accrues when the plaintiff becomes aware of . . . her injury . . . or when . . . she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*,

[8] *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)); *see Cooper v. City of Wheeling*, 169 F.4th 220, 224 (4th Cir. 2026).

No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (fourth omission in original) (quoting *Nasim*, 64 F.3d at 955). Each incident listed in Puller's second particularized complaint occurred on August 18, 2022, so her claims accrued no later than that date. Puller filed the initial complaint in this action on July 2, 2025—nearly three years after her claims accrued. (*See* ECF No. 1, at 3.) Accordingly, Puller's claims arising from incidents that occurred in August 2022 are barred by the relevant statute of limitations.

## V. CONCLUSION

The Court will therefore dismiss Puller's claims and the action as legally frivolous. The Court will direct the Clerk to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 20 August 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge